# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:26-CV-00044-KDB-WCM

| | |
|---|---|
| JOSHUA DENTON, | |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| LEGION BREWING COMPANY, LLC AND LEGION WEST MOREHEAD, LLC, | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand (Doc. No. 8). The Court has carefully considered this motion, the parties' briefs and the pleadings and other relevant documents. Because Plaintiff's Complaint claims that Defendants violated the Americans with Disabilities Act ("ADA") and states that it is asserting a "Count II" seeking recovery for that violation, this action was properly removed, and the Court will **DENY** the motion. However, because Plaintiff both disclaims an intent to assert an ADA claim in the Complaint and appears to reserve his ability to do so after his EEOC claim is resolved, the Court will on its own motion stay this action pending the conclusion of Plaintiff's EEOC claim. At that time, Plaintiff will need to choose between fully asserting an ADA claim or returning to state court with his putative federal claims abandoned.

## I.     LEGAL STANDARD

The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Hoschar v. Appalachian Power Co.,* 739 F.3d 163, 169 (4th Cir. 2014). A case may only be removed if the federal courts would have had original jurisdiction over any claim. *See* 28

1

U.S.C. § 1441. And "if federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). When the basis for federal jurisdiction is the presence of a federal question, 28 U.S.C. § 1331 governs. And it is established law that whether federal jurisdiction exists "is generally determined by the 'well-pleaded complaint' rule," *Childers v. Chesapeake & Tel. Co.*, 881 F.2d 1259, 1261 (4th Cir. 1989), which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Put simply, a federal court has "jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir. 2001) (internal quotation marks and citations omitted). However, in any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In cases where a federal district court has original jurisdiction over at least one claim, the court shall also "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Two or more claims (state and federal) form part of the same case or controversy for supplemental jurisdiction purposes where they "derive from a common nucleus of operative fact" and "would ordinarily be expected to [be tried] in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1996). District courts retain "discretion as to whether to remand a case to state court," a decision which "involves consideration of 'principles of economy, fairness, convenience and comity.'"

*Hartman v. Univ. of Maryland at Baltimore*, 595 F.App'x 179, 180 (4th Cir. 2014) (quoting *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 357 (1988)). *See Kennedy v. Navy Fed. Credit Union*, No. 3:25-CV-779-KDB-DCK, 2025 WL 3760591, at *1–2 (W.D.N.C. Nov. 24, 2025), *report and recommendation adopted,* No. 3:25-CV-00779-KDB-DCK, 2025 WL 3759012 (W.D.N.C. Dec. 29, 2025).

## II.     FACTS AND PROCEDURAL HISTORY

On December 12, 2025, Plaintiff Joshua Denton filed his Complaint in the Superior Court of Mecklenburg County, North Carolina, asserting claims against Defendants Legion Brewing Company, LLC and Legion West Morehead, LLC (collectively "Legion") arising from his former employment with Legion.  (Doc. No. 1-2.)  With respect to federal law, the  Complaint alleges that Denton "requested duty modifications under the Americans with Disabilities Act," to which Legion "turned a blind eye," saying the company "had 'no plan' to accommodate his disability." (*Id*. at ₱ 4). Further, the Complaint alleges that Plaintiff was terminated for "being the squeaky wheel regarding Legion's ongoing violations of workplace safety laws and regulations, for exercising his rights under the ADA, and/or because of his disability in violation of both the ADA and North Carolina public policy." (*Id*. at ₱ 5).

The Complaint goes on to say, "Josh brings this action to remedy Legion's violations of the North Carolina Retaliatory Employment Discrimination Act ("REDA") (Count I), the ADA (Count II), and Intentional Infliction of Emotional Distress (Count III)." (*Id*. at ₱ 6). Later, however, the Complaint describes a "First Claim for Relief" for violation of the REDA and a "Second Claim for Relief" for "Wrongful Discharge in Violation of North Carolina Public Policy." (*Id*. at Section IV). Plaintiff seeks numerous categories of money damages, including punitive damages, as well as costs and attorneys' fees for his alleged harm.

3

On January 16, 2026, Legion timely removed the case to this Court based on federal question jurisdiction under 28 U.S.C. § 1331, and on February 13, 2026, filed their Answer to the Complaint. (Doc. Nos. 1, 4.) On the same day as Defendants' Answer, Plaintiff filed a Motion to Remand, claiming that removal was improper because there is "no 'federal jurisdiction' on the face of Plaintiff's well-pleaded complaint" where he has only asserted two state law causes of action. (Doc. No. 9 at 1-2). With respect to the allegations of the Complaint related to violations of the ADA, Plaintiff argues that those allegations were only "mentioned" in the "introduction" to the Complaint. (*Id*. at 2). Legion defends the removal based on the plain language of the Complaint and faults Plaintiff for any ambiguity with respect to his ADA allegations. Significantly, Plaintiff has not sought to amend his Complaint to clarify his claimed intention not to assert an ADA claim, and has acknowledged that he filed an EEOC claim with respect to Legion's alleged ADA violations, but has not yet received a right to sue letter.

The motion has been fully briefed and is ripe for the Court's ruling.

### III.     DISCUSSION

As discussed above, the issue before the Court is whether Plaintiff's "well-pleaded complaint" establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. The Court finds that it does. While Plaintiff urges the Court to find that his clear references to the ADA are only part of the "introduction," the Complaint clearly alleges that Legion violated the ADA and that a "Count II" is being asserted for that violation. Defendants and the Court must take the Complaint as it is written, not guess as to why Plaintiff included an ADA count in the beginning of the Complaint, but not at the end (as he also did with a "Count III" for intentional infliction of emotional distress). In sum, the Court agrees with Defendants that the responsibility for any

4

confusion in the pleadings falls on Plaintiff.[1] Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 133 based on Plaintiff's asserted federal law ADA claim and related supporting allegations, and removal was proper. Plaintiff's Motion for Remand must be denied.

Nevertheless, in the interests of efficiency and a focus on the ultimate merits, the Court ought not ignore the obvious implications of Plaintiff's pending claim with the EEOC. In the event that EEOC issues a right to sue letter to Plaintiff, then Plaintiff's present inability to assert an ADA claim (based on a lack of administrative exhaustion, which Defendants have prudently held off on asserting) will be remedied. With that letter, Plaintiff can promptly elect either to proceed with ADA claims together with his supplemental state law claims in this Court or clearly abandon those putative claims and return to state court. Then, the case can move forward to discovery on the full set of claims, either in this Court or state court. So, the Court will briefly stay this action pending the resolution of Plaintiff's EEOC claims as set forth below.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  Plaintiff's Motion to Remand (Doc. No. 8) is **DENIED;**

2.  This matter is **STAYED** pending the resolution of Plaintiff's EEOC claim;

3.  No later than 14 days following his receipt of a right to sue letter from the EEOC, Plaintiff is directed to file an Amended Complaint clearly including a claim under the ADA or a motion to remand this action to North Carolina state court based on Plaintiff's conclusive abandonment of a federal claim; and

---

[1] To be clear, if the Court were to award attorneys' fees to any side with respect to this removal motion (which it is not), it would require Plaintiff to compensate Legion for preparing an ambiguous Complaint and then doubling down with a strident motion to remand rather than a clarifying amended pleading.

4.  If Plaintiff has not received a right to sue letter within 90 days of the date of this

Order, the Parties are directed to provide a written status update to the Court.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 9, 2026

Kenneth D. Bell
United States District Judge